GARDEN, JUDGE:
Carl M. Geupel Construction Co., Inc., entered into a contract with the respondent on July 23, 1973, for the construction of Project I-IG-77-3 (113) 95, C-2, in Kanawha County, West Virginia. A subcontractor for Geupel, Hi-Way Paving, Inc., was to supply sand and gravel for the project. Geupel has filed this claim requesting payment for increases in transportation charges for sand and gravel in bulk under Section 110.1 of the Standard Specifications for Roads and Bridges (1972).
When the claimant and the respondent entered into this contract, the rates for transportation of sand and gravel in bulk were regulated by the Interstate Commerce Commission. Five months after the contract was entered into, the applicable section of the Interstate Commerce Act was amended. This amendment, in effect, deregulated the transportation of sand and gravel in bulk. As a result of this deregulation, the rates charged increased on February 15, 1974, by $.30 per ton to a total of $1.45 per ton; on February 15, 1975, another $.30 per ton to a total of $1.75 per ton; and on April 1, 1976, an increase of $.09 per ton to a total of $1.84 per ton. The 'contractor requested payment for these increases which totalled $42,758.79, but the respondent has refused payment.
The only question to be decided by this Court is whether the additional costs arising out of the change in the ICC rate should be borne by the contractor or by the respondent.
The Standard Specifications under which this particular contract was controlled provides as follows:
*199 §110.1 Common Carrier Rates:
“The common carrier rates and taxes thereon which are current on the date of opening the bids shall be considered as applicable to all items subject to transportation charges thereunder.
If such rates or taxes are thereafter increased by public authority on any materials entering into and forming a part of the contract, an amount equal to the sum of all such increases, when evidenced by receipted common carrier bills, will be paid to the Contractor by the Department. All claims for such payment shall be made within 60 days after final acceptance of the work.
If such rates or taxes are thereafter reduced by public authority on any materials entering into and forming a part of the contract, an amount equal to the sum of all such decreases, when evidenced by receipted common carrier bills, will be deducted by the Department from the monies due the Contractor on the work performed under the contract.
When deliveries of materials are performed by means other than common carriers, an increase or decrease in price will not be allowed or charged for changes in rates or methods of delivery.”
The respondent contends that the increases requested by the contractor were not increased by a public authority as required by Section 110.1, but by the water carrier to its customer as the result of deregulation by the authority.
The Court finds from the record that the deregulation of transportation rates occurred as the direct result of an act of a public authority and that an award be made to the claimant for these increased charges. The Court directs that the parties determine from their respective records the amount of the increased charges and report their finding for the Court for determination of the award.